**Nos. 10-5790, 10-6368**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

WILLIAM DAVID BURNSIDE,

*Plaintiff-Appellant,*

v.

T. WALTERS ET AL.,

*Defendants.*

---

**PLAINTIFF-APPELLANT WILLIAM DAVID BURNSIDE'S MOTION FOR RECONSIDERATION**

---

William David Burnside moves for reconsideration of this Court's April 22, 2011 Order denying his motions to proceed *in forma pauperis* on appeal. The April 22, 2011 Order concluded that his appeals are frivolous—in Case No. 10-5790, because any argument would be frivolous, and in Case No. 10-6368, because the District Court lacked jurisdiction to rule upon his Rule 60(b) motion for relief from judgment.

First, Mr. Burnside's actual argument on appeal is not frivolous. His position—that the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), does

1

not bar pauper plaintiffs from amending their complaints—is dictated by U.S. Supreme Court precedent, and is already the law of every other U.S. Circuit Court of Appeals.

Second, the District Court did not lack jurisdiction to rule on Mr. Burnside's Rule 60(b) motion. The April 22, 2011 Order overlooks a recent change to the law, Federal Rule of Civil Procedure 62.1(a), expressly granting the District Court authority to consider his motion.

## I.    Background

On November 6, 2009, Mr. Burnside filed a complaint and a motion to proceed *in forma pauperis* in the U.S. District Court for the Western District of Tennessee.  (District Court Record Entry ("RE") 1: Compl.; RE 2: IFP Mot.)  He sought to amend his complaint, but, consistent with this Court's case law,[1] the clerk's office instructed Mr. Burnside that he could not file an amended complaint until he heard from the District Court.  (RE 9-1: Rule 60 Mem. at 4.)

On June 1, the District Court dismissed Mr. Burnside's complaint sua sponte, without providing him the protections afforded fee-paying plaintiffs: notice of intent to dismiss and an opportunity to amend or

---

[1] *See, e.g.*, *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled in part by Jones v. Bock*, 549 U.S. 199 (2007) ("[C]ourts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal.").

respond. (RE 3: Order.) On June 28, 2010, Mr. Burnside filed a timely Notice of Appeal, resulting in Case No. 10-5790. (RE 5: Notice of Appeal.)

Also on June 28, 2010, Mr. Burnside filed a motion to proceed *in forma pauperis* on appeal. (RE 6: Appeal IFP Motion.) On July 8, 2010, the District Court denied the motion. (RE 8: Order.) Mr. Burnside then filed in this Court a motion to proceed *in forma pauperis*.

On September 9, 2010, Mr. Burnside filed in the District Court a motion for relief from judgment under Federal Rule of Civil Procedure 60, attaching, among other things, a motion for leave to file an amended complaint and a proposed amended complaint. (RE 9: Rule 60 Mot.; RE 9-11: Mot. for Leave to File Am. Compl.; RE 9-13: Proposed Am. Compl.) On October 4, 2010, the District Court denied the Rule 60 motion. (RE 10: Order.) On October 27, Mr. Burnside filed a timely Notice of Appeal of the denial of his Rule 60 motion, resulting in Case No. 10-6368.

Just as in Case No. 10-5790, the District Court denied Mr. Burnside's motion for leave to proceed *in forma pauperis* on appeal in Case No. 10-6368. (RE 13: Order.) Mr. Burnside then filed in this Court a motion to proceed *in forma pauperis*.

On February 22, 2011, this Court issued an order consolidating Case Nos. 10-5790 and 10-6368. On April 22, 2011 this Court issued an order

denying Mr. Burnside's motions to proceed *in forma pauperis* on appeal. Through counsel,[2] this motion seeks reconsideration of the Court's April 22, 2011 Order.

## II.     Argument

### A. Mr. Burnside's Argument on Appeal is Not Frivolous.

First, the April 22, 2011 Order concluded that Mr. Burnside's appeal is frivolous because his complaint failed to state a claim for relief. It did not address his primary argument on appeal: that he should have been given the opportunity to amend his complaint. More specifically, Mr. Burnside argues that he should have been given the same opportunity as any other plaintiff to amend his complaint, because the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), does not bar pauper plaintiffs from amending their complaints. (*See* Pl.-Appellant's Supp. Br. at 6-15.[3])

Mr. Burnside's position is not frivolous. It is dictated by U.S. Supreme Court precedent and has already been adopted by every other U.S. Circuit Court of Appeals.

---

[2] This Court's April 22, 2011 Order states that Mr. Burnside is proceeding pro se. Counsel filed a notice of appearance on February 10, 2011.
[3] On October 22, 2010, Mr. Burnside filed a *pro se* appeal brief. On February 22, 2011, with leave of the Court, Mr. Burnside filed a supplemental appeal brief through counsel, supplementing the argument raised on pages 36-44 of Mr. Burnside's *pro se* brief.

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that the screening requirement of section 1915(e)(2) "does not—explicitly or implicitly—justify deviating from the usual procedural practice beyond the departures specified by the [statute] itself." *Jones*, 549 U.S. at 214. Section 1915(e)(2) contains no restrictions on amending complaints and, as virtually every other circuit has already concluded, affords paupers the same rights to amend as every other litigant.[4] *See, e.g.*, *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("We agree with the majority of circuits that the PLRA does not preclude the district court from granting a motion to amend. Nothing in the language of the PLRA repeals Rule 15(a)."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (noting that section 1915(e)(2) does not say "anything about when to permit amendment. Thus, there is no reason to depart from our rule that plaintiffs whose complaints fail to state a cause of action are entitled to amend their complaint unless doing so would be inequitable for futile."); *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 377 (D.C. Cir. 2000) ("[N]othing has

---

[4] The only exception is the Eighth Circuit, which has held that a district court "need not allow a prisoner to amend his complaint prior to dismissal," *Love v. Andrews*, 8 F. App'x 602, 603 (8th Cir. 2001), but, unlike this Court, has not *barred* district courts from allowing amendment, *see Hughes v. Banks*, 290 F. App'x 960, 962 (8th Cir. 2008) (remanding a case dismissed under 28 U.S.C. § 1915A for consideration of a motion for leave to amend).

altered our long-standing rule that a sua sponte dismissal for failure to state a claim without leave to amend is reversible error unless the claimant cannot possibly win relief." (internal quotation marks omitted)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[N]othing in the statute requires us to read the language in a way that would deprive the district courts of their traditional discretion to grant leave to amend."); *Gomez v. USAA Fed. Savs. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) ("[A] pro se plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a pro se fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim . . . ."); *Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."); *Goldsmith v. Hood Cty. Jail*, 299 F. App'x 422, 423 (5th Cir. 2008) ("In general, it is error for a district court to dismiss a pro se complaint without affording the plaintiff the opportunity to amend."); *Griffiths v. Amtrak*, 106 F. App'x 79, 80 (1st Cir. 2004) ("By dismissing plaintiff's complaint, sua sponte, without giving him prior notice of the defect in his jurisdictional allegation, the district court deprived the plaintiff of his right to amend the complaint to cure the defect."); *see also*

*Nottingham v. Sherill*, 131 F. App'x 427, 427 (4th Cir. 2005) (reversing sua sponte dismissal under 28 U.S.C. § 1915A because plaintiff should have been permitted to amend complaint); *Timas v. Klaser*, 23 F. App'x 574, 578 (7th Cir. 2001) ("The right to amend as a matter of course survives a grant of a motion to dismiss, which is analogous to a district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915A." (internal citations omitted)).

## B. The District Court had Jurisdiction to Consider Mr. Burnside's Rule 60(b) Motion.

Second, the April 22, 2011 Order concluded that Mr. Burnside's appeal of the denial of his Rule 60(b) motion is frivolous because the District Court lacked jurisdiction to consider it. The Order overlooks a recent change to the law. Federal Rule of Civil Procedure 62.1(a)(2), effective December 1, 2009, expressly gives the federal district courts authority to deny Rule 60(b) motions while an appeal is pending. Thus, the District Court had jurisdiction to consider Mr. Burnside's Rule 60(b) motion, and the denial is a final judgment that this Court has authority to review under 28 U.S.C. § 1291. *See Ray v. Pinnacle Health Hosps., Inc.*, Nos. 09-4508, 10-3571, 2010 U.S. App. LEXIS 24005, at *8-*9 & n.3 (3d Cir. Nov. 22, 2010).

## III. Conclusion

This Court should reconsider its April 22, 2011 Order and grant Mr. Burnside's motions to proceed *in forma pauperis* on appeal.

Respectfully submitted,

 /s/ Christian Grostic
Christian J. Grostic    (MI P70315)
                        (OH 84734)
Kushner & Hamed Co., L.P.A.
200 Public Square, Suite 3740
Cleveland, OH 44114
Telephone: 216.696.6700
Facsimile:  216.696.6772
E-mail:     cgrostic@khlpa.com

*Counsel for Plaintiff-Appellant
William David Burnside*

Dated: April 25, 2011

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

I certify that on this 25th day of April, 2011, I filed *Plaintiff-Appellant William David Burnside's Motion for Reconsideration* electronically with the Clerk of the United States Court of Appeals for the Sixth Circuit. The Court's ECF system will automatically generate and send by e-mail a Notice of Docket Activity to all registered attorneys currently participating in this case.

Because the District Court dismissed this case before service on any defendants, no defendants will be served with this motion. Plaintiff-Appellant has no objection to the Court inviting defendants to respond to the instant motion or any other filings. *Cf. Hagan v. Rogers*, 570 F.3d 146, 151 (3d Cir. 2009) (inviting defendants to respond before deciding appeal of case dismissed by district court before defendants were served). Should the Court choose to invite defendants to respond, their business addresses are:

| | |
|---|---|
| Defendants Officers Walters, Hicks, and Montgomery: | Memphis Police Department<br>201 Poplar Ave.<br>Memphis, TN 38103 |
| Defendants Ms. Puljic and YMCA of Memphis & the Mid-South: | YMCA of Memphis & the Mid-South<br>6373 Quail Hollow, Suite 201<br>Memphis, TN 38120 |

  /s/ Christian Grostic
*Counsel for Plaintiff-Appellant
William David Burnside*