NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Nos. 10-5790/6368

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WILLIAM DAVID BURNSIDE, | ) | FILED |
| | ) | Apr 27, 2012 |
| Plaintiff-Appellant, | ) | LEONARD GREEN, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| T. WALTERS; HICKS; MONTGOMERY; | ) | THE WESTERN DISTRICT OF |
| CYNTHIA MAGELLON PULJIC; YMCA | ) | TENNESSEE |
| OF MEMPHIS & MID-SOUTH, A Domestic | ) | |
| Tennessee Corporation, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

O R D E R

Before: BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge; FORESTER, District Judge.[*]

William David Burnside, an Arkansas resident proceeding through counsel, appeals the district court's judgment dismissing his civil rights complaint, and its order denying his motion for relief from judgment. Counsel has waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Burnside, proceeding in forma pauperis (IFP), filed a complaint under 42 U.S.C. §§ 1983, 1985, and 1986 against Memphis police officers T. Walters, Hicks, and Montgomery; Executive Director of the Alfred D. Mason YMCA Cynthia Magellon Puljic; the YMCA of Memphis & Mid-South; and numerous Doe defendants. Burnside alleged that the defendants "willfully, maliciously, knowingly, and/or negligently" provided "false, erroneous and/or misleading information that led to [Burnside's] warrantless arrest without probable cause and defendants . . . knowingly did willfully,

---

[*]The Honorable Karl S. Forester, United States Senior District Judge for the Eastern District of Kentucky, sitting by designation.

maliciously, and/or negligently fail to intervene to prevent such arrest . . . ." Burnside sought "judicial admonishment," injunctive relief, and compensatory and punitive damages.

The district court sua sponte dismissed his complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief could be granted. The district court then denied Burnside's Federal Rule of Civil Procedure 60(b) motion for relief from judgment.

Burnside's appeal of the district court's judgment dismissing his complaint was docketed as case number 10-5790, and the order denying his motion for relief from judgment was docketed as case number 10-6368. These cases were consolidated under lead case number 10-5790.

Burnside argues that the district court erred by sua sponte dismissing his IFP complaint without first affording him leave to amend because: (1) the language of the Prison Litigation Reform Act ("PLRA"), does not bar district courts from granting IFP plaintiffs leave to amend; and (2) the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007), fatally undermines our prior decisions prohibiting the amendment of complaints under the PLRA. Burnside further argues that the district court erred by dismissing his motion for relief from judgment because: (1) he is a layperson; (2) newly discovered evidence would support his claims if he were permitted to amend his complaint; and (3) the action should proceed in the interests of justice. Burnside does not dispute the district court's conclusion that his complaint, as filed, failed to state a claim upon which relief may be granted and, therefore, he waives that issue on appeal. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

We review de novo a district court's judgment dismissing a complaint under § 1915(e)(2) or § 1915A. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). We review for an abuse of discretion a district court's denial of a Rule 60(b) motion. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 453-54 (6th Cir. 2008).

Burnside first argues that nothing in the language of the PLRA explicitly prohibits plaintiffs from amending their complaints before district courts sua sponte dismiss them. But we have held to the contrary, stating that the statutory language of § 1915(e)(2) and § 1915A(b) mandates that a district court "shall dismiss" a complaint if it fails to state a claim upon which relief may be granted, which

necessarily precludes amendment. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (1997), *abrogated on other grounds by Jones*, 549 U.S. 199. We concluded that the PLRA gives district courts "no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal." *Id.* at 612. *See also Rucker v. Potter*, 215 F. App'x 406, 408 (6th Cir. 2007); *Moniz v. Hines*, 92 F. App'x 208, 212 (6th Cir. 2004); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999).

Burnside next argues that *Jones* fatally undermines our prior decisions prohibiting PLRA plaintiffs from amending their complaints. In support, Burnside reasons that the Supreme Court stated that "the PLRA's screening requirement does not – explicitly or implicitly – justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself." *Jones*, 549 U.S. at 214. Burnside contends that prohibiting the amendment of complaints runs afoul of *Jones* as an unlawful deviation from the standard procedural practice of permitting the amending of complaints "once as a matter of course." Fed. R. Civ. P. 15(a)(1).

Our practice of prohibiting the amendment of complaints subject to the PLRA is based upon the statutory language of the PLRA itself that a district court "shall dismiss" the complaint under certain enumerated circumstances. 28 U.S.C. § 1915(e)(2). We reasoned that the PLRA prohibits the amendment of complaints in order to give effect to this non-discretionary, statutory language, which does not deviate "beyond the departures specified by the PLRA itself." *Jones*, 549 U.S. at 214. Burnside's argument that other circuit courts permit such amendments is unpersuasive because their practices are not binding upon us.

Burnside finally contends that the district court abused its discretion in denying his Rule 60(b) motion for relief from judgment because he is a layperson, he has newly-discovered evidence to support his complaint, and the action should proceed in the interests of justice. The action, however, cannot proceed because the complaint does not state a claim, even if it is liberally construed in his favor. And, as discussed above, the law of this circuit does not permit a litigant whose complaint was sua sponte dismissed under the PLRA to amend, so any newly-discovered evidence could not be integrated into an amended complaint. Moreover, even if Burnside were granted relief from judgment,

he has no remedy because the district court could not proceed on a deficient complaint, and has no authority to grant leave to amend.

For the foregoing reasons, we affirm the district court's judgment and order.

ENTERED BY ORDER OF THE COURT

Clerk