# No. 10-5790

## IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

WILLIAM DAVID BURNSIDE,

*Plaintiff-Appellant*,

v.

T. WALTERS ET AL.,

*Defendants.*

APPEAL OF JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

**PLAINTIFF-APPELLANT WILLIAM DAVID BURNSIDE'S PETITION FOR REHEARING EN BANC**

Christian J. Grostic    (MI P70315)
                        (OH 84734)
Kushner & Hamed Co., L.P.A.
200 Public Square, Suite 3740
Cleveland, OH 44114
Telephone: 216.696.6700
Facsimile:  216.696.6772
E-mail:    cgrostic@khlpa.com

*Counsel for Plaintiff-Appellant William David Burnside*

TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES ............................................................................ ii

RULE 35(b) STATEMENT ............................................................................. 1

INTRODUCTION ........................................................................................... 2

BACKGROUND ............................................................................................. 3

REASONS FOR GRANTING THE PETITION ..................................................... 7

    I.    Every Other U.S. Court of Appeals Has Held That the *In Forma Pauperis* Statute Does Not Bar Pauper Plaintiffs From Amending Their Complaints. ............................................................................. 7

    II.    Unlike Every Other U.S. Court of Appeals, This Court Has Held That the *In Forma Pauperis* Statute Bars Pauper Plaintiffs From Amending Their Complaints. ........................................................... 9

    III.    The U.S. Supreme Court Has Cautioned Against Reading Additional Restrictions Into the *In Forma Pauperis* Statute. ............................ 11

    IV.    Under the General Rules Applicable to All Litigants, Mr. Burnside Would Have Been Permitted to Amend His Complaint. ................ 12

CONCLUSION ............................................................................................. 15

CERTIFICATE OF SERVICE .......................................................................... 16

## TABLE OF AUTHORITIES

## Cases

*Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999) ................................. 10, 13

*Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004) ...................................... 7

*Brown v. Matauszak*, 415 F. App'x 608 (6th Cir. 2011) .............................. 14

*Goldsmith v. Hood Cty. Jail*, 299 F. App'x 422 (5th Cir. 2008) ................... 8

*Gomez v. USAA Fed. Savs. Bank*, 171 F.3d 794 (2d Cir. 1999) .................. 8

*Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002) ............... 7-8

*Griffiths v. Amtrak*, 106 F. App'x 79 (1st Cir. 2004) ..................................... 9

*Hughes v. Banks*, 290 F. App'x 960 (8th Cir. 2008) .................................... 7

*Jones v. Bock*, 549 U.S. 199 (2007) .................................................... 3, 11-12

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc) ...................... 8, 13

*Love v. Andrews*, 8 F. App'x 602 (8th Cir. 2001) ......................................... 7

*McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997) ..................... passim

*Moniz v. Hines*, 92 F. App'x 208 (6th Cir. 2004) ....................................... 11

*Nottingham v. Sherill*, 131 F. App'x 427 (4th Cir. 2005) ............................ 9

*Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803 (10th Cir. 1999) ............... 8

*Radvansky v. City of Olmstead Falls*, 395 F.3d 291 (6th Cir. 2005) .......... 15

*Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371 (D.C. Cir. 2000) .............. 8

*Timas v. Klaser*, 23 F. App'x 574 (7th Cir. 2001) ............................................ 9

*Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005) ............................... 12

## Statutes

28 U.S.C. § 1915 ................................................................................. *passim*

28 U.S.C. § 1915A ........................................................................... 6, 7, 9

42 U.S.C. § 1983 ........................................................................................ 14

## Rules

FED. R. CIV. P. 15 ................................................................................ *passim*

FED. R. APP. P. 35 ...................................................................................... 1

## Other Authorities

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1483 (3d ed. 2010) ........................................................ 13

## RULE 35(b) STATEMENT

William David Burnside requests rehearing en banc of the panel's attached decision. The panel decision conflicts with the decisions of every other United States Court of Appeals and thereby presents a question of exceptional importance, *see* FED R. APP. P. 35(b)(1)(B):

> Does the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), prohibit pauper plaintiffs from amending their complaints?

The panel, following earlier Sixth Circuit precedent, held that it does. Every other U.S. Court of Appeals has held that it does not.

## INTRODUCTION

The federal courts have a liberal policy of permitting amendments to complaints, codified in Federal Rule of Civil Procedure 15(a). Consistent with that policy, a district court considering dismissing sua sponte must give notice of its intent and permit the plaintiff an opportunity to amend or respond. But in this circuit—unlike every other circuit—the rules are different for a plaintiff proceeding *in forma pauperis*. In this circuit, a pauper receives no notice, and is barred from amending his complaint to avoid dismissal.

The *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B)(ii), states that the district court "shall dismiss" the plaintiff's complaint if it fails to state a claim on which relief may be granted. In *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), this Court held that the statute gives district courts "no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal." *Id.* at 612.

Since the *McGore* decision, every other U.S. Court of Appeals has weighed in on this issue. And every other U.S. Court of Appeals has concluded that the *in forma pauperis* statute does not bar pauper plaintiffs from amending their complaints. Moreover, rejecting other restrictions

read into the *in forma pauperis* statute, the U.S. Supreme Court has held that the statute "does not—explicitly or implicitly—justify deviating from the usual procedural practice beyond the departures specified by the [statute] itself." *Jones v. Bock*, 549 U.S. 199, 214 (2007).

Here, in accordance with the law of this circuit, Mr. Burnside was not given notice of the District Court's intent to dismiss and was not permitted to amend his complaint. In light of the uniform decisions of the other U.S. Courts of Appeals and the U.S. Supreme Court's guidance, the en banc Court should revisit *McGore*. Mr. Burnside can amend his complaint to state valid claims for relief, and this case should be remanded to permit him to do so.

## BACKGROUND

On November 9, 2008, Mr. Burnside and his mother, Clara Lee Matthews, were talking on the phone about his health when his cell phone battery died. (District Court Record Entry ("RE") 9-9: Matthews Aff. at 1-2.) Mr. Burnside had mentioned that he was suffering from some pain and numbness, and said that he thought he might be having a stroke. (RE 9-2: 911 Call Tr. at 2; RE 9-9: Matthews Aff. at 2.) Concerned for her son's safety, she tried to call him, his next door neighbor, and the front desk at

the YMCA where he lived. (RE 9-9: Matthews Aff. at 2.) Unable to reach anyone, she called 911. (RE 9-2: 911 Call Tr.; RE 9-9: Matthews Aff. at 2.)

Police officers and fire rescue responded to the YMCA and searched room to room for someone in need of help. (RE 1 at 4: Aff. of Compl.) Eventually, they identified Mr. Burnside as the object of the call and realized he was in no danger.

What happened next is the subject of Mr. Burnside's complaint. Defendant Officer Walters supposedly "found" that the 911 call came from Mr. Burnside (although it was actually made by Ms. Matthews) and decided to arrest him for the misdemeanor offense of "911 Calls in Non-Emergency Situations." (RE 1 at 4: Aff. of Compl.) The officers reached into Mr. Burnside's residence, pulled him out, and handcuffed him. (RE 9-4: Stanfield Aff. at 1; RE 9-13: Proposed Am. Compl. ¶ 58.) They refused to let him get his identification, his clothes, his phone, or his medications, or lock his door. (RE 9-4: Stanfield Aff. at 2; RE 9-13: Proposed Am. Compl. ¶ 82.)

Later that afternoon, Officer Walters swore an Affidavit of Complaint and obtained a warrant for the already-completed arrest. Officers Walters asserted: that he had "found" that the 911 call came from Mr. Burnside (although it was actually made by Ms. Matthews); that the YMCA staff

4

reported Mr. Burnside had falsely called 911 in the past (although he contends that is false); and that he was taken into custody "to prevent the offense from continuing" (although Ms. Matthews's 911 call had long since ended). (RE 1 at 4: Aff. of Compl.) A handwritten note added that "[n]o misdemeanor citation was issued because defendant did not have ID," but officers had refused to let Mr. Burnside get his ID. (RE 1 at 4: Aff. of Compl.)

Mr. Burnside was jailed for approximately 10 days. (RE 9-13: Proposed Am. Comp. ¶ 112.) Eventually, after he was pressured to plead guilty and refused, the prosecutor issued a *nolle prosequi*. (RE 9-13: Proposed Am. Compl. ¶ 101.)

On November 6, 2009, Mr. Burnside filed a complaint and a motion to proceed *in forma pauperis* in the U.S. District Court for the Western District of Tennessee. (RE 1: Compl.; RE 2: IFP Mot.) He asked to amend his complaint, but, consistent with this Court's case law, the clerk's office instructed him that he could not file an amended complaint until he heard from the District Court. (RE 9-1: Rule 60 Mem. at 4.)

The District Court dismissed Mr. Burnside's complaint with prejudice sua sponte, without giving Mr. Burnside notice of its intent to dismiss and

without giving him an opportunity to amend or respond.[1] (RE 3: Order; RE 4: Judgment.) Mr. Burnside filed a timely Notice of Appeal, resulting in Case No. 10-5790. (RE 5: Notice of Appeal.)

Mr. Burnside then filed a motion for relief from judgment under Federal Rule of Civil Procedure 60, attaching, among other things, a motion for leave to file an amended complaint and a proposed amended complaint. (RE 9: Rule 60 Mot.; RE 9-11: Mot. for Leave to File Am. Compl.; RE 9-13: Proposed Am. Compl.) The District Court denied the Rule 60 motion (RE 10: Order), and Mr. Burnside filed a timely Notice of Appeal, resulting in Case No. 10-6368. The two cases were consolidated.

On April 27, 2012, a panel of this Court issued its decision. Quoting *McGore*, the panel held that the *in forma pauperis* statute "gives district courts 'no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal.'" Panel Order at 3. The panel further stated that

---

[1] The District Court's order and judgment purported to rely on both 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. The District Court technically erred by relying on section 1915A, as that provision applies only to prisoners. *See* 28 U.S.C. § 1915A(a), (c). This Court has held, however, that the pre-screening provisions of section 1915(e) and section 1915A both bar district courts from permitting amendments to complaints, *see McGore*, 114 F.3d at 610, so the issues in this appeal are unaffected by the District Court's reference to section 1915A.

"Burnside's argument that other circuit courts permit such amendments is unpersuasive because their practices are not binding on us." *Id.*

**REASONS FOR GRANTING THE PETITION**

**I. Every Other U.S. Court of Appeals Has Held That the *In Forma Pauperis* Statute Does Not Bar Pauper Plaintiffs From Amending Their Complaints.**

This Court's restrictions on paupers' rights to amend have not been adopted by any other circuit. Indeed, virtually every other circuit has held that paupers have the *same* rights to amend as every other litigant.[2] *See, e.g., Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("We agree with the majority of circuits that the PLRA does not preclude the district court from granting a motion to amend. Nothing in the language of the PLRA repeals Rule 15(a)."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (noting that section 1915(e)(2) does not say "anything about when to permit amendment. Thus, there is no reason to depart from our rule that plaintiffs whose complaints fail to state a cause of

---

[2] The only exception is the Eighth Circuit, which has held that a district court "need not allow a prisoner to amend his complaint prior to dismissal," *Love v. Andrews*, 8 F. App'x 602, 603 (8th Cir. 2001), but, unlike this Court, has not barred district courts from allowing amendment, *see Hughes v. Banks*, 290 F. App'x 960, 962 (8th Cir. 2008) (remanding a case dismissed under 28 U.S.C. § 1915A for consideration of a motion for leave to amend).

7

action are entitled to amend their complaint unless doing so would be inequitable for futile."); *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 377 (D.C. Cir. 2000) ("[N]othing has altered our long-standing rule that a sua sponte dismissal for failure to state a claim without leave to amend is reversible error unless the claimant cannot possibly win relief." (internal quotation marks omitted)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[N]othing in the statute requires us to read the language in a way that would deprive the district courts of their traditional discretion to grant leave to amend."); *Gomez v. USAA Fed. Savs. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) ("[A] pro se plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a pro se fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim . . . ."); *Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."); *Goldsmith v. Hood Cty. Jail*, 299 F. App'x 422, 423 (5th Cir. 2008) ("In general, it is error for a district court to dismiss a pro se complaint without affording the plaintiff the opportunity to amend.");

*Griffiths v. Amtrak*, 106 F. App'x 79, 80 (1st Cir. 2004) ("By dismissing plaintiff's complaint, sua sponte, without giving him prior notice of the defect in his jurisdictional allegation, the district court deprived the plaintiff of his right to amend the complaint to cure the defect."); *see also Nottingham v. Sherill*, 131 F. App'x 427, 427 (4th Cir. 2005) (reversing sua sponte dismissal under 28 U.S.C. § 1915A because plaintiff should have been permitted to amend complaint); *Timas v. Klaser*, 23 F. App'x 574, 578 (7th Cir. 2001) ("The right to amend as a matter of course survives a grant of a motion to dismiss, which is analogous to a district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915A." (internal citations omitted)).

**II.   Unlike Every Other U.S. Court of Appeals, This Court Has Held That the *In Forma Pauperis* Statute Bars Pauper Plaintiffs From Amending Their Complaints.**

Under this Court's case law, plaintiffs proceeding *in forma pauperis* lose all of the rights to amend afforded other litigants. As a result, Mr. Burnside's complaint was dismissed without an opportunity to amend.

Section 1915(e)(2)(B) of title 28, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), requires that district courts screen complaints in actions pursued *in forma pauperis* and dismiss if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state

9

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Since *McGore v. Wrigglesworth*, this Court has interpreted section 1915(e) to add a further restriction on paupers: "the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal pursuant to [section 1915(e)(2)]." *Benson*, 179 F.3d at 1016; *see also McGore*, 114 F.3d at 612 ("[C]ourts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal."). *McGore* was decided without the benefit of adequate briefing,³ and its decision on this point was dicta at the time,⁴ but it has been applied in subsequent cases and is now the law of this circuit.

Under the rule set forth in *McGore*, a pauper may not amend a complaint once "as matter of course," nor later with leave of the court "when justice so requires." FED. R. CIV. P. 15(a). A district court considering dismissal sua sponte need not give notice of its intent and cannot permit a pauper plaintiff a chance to amend. And when dismissing,

---

³ The only brief filed on appeal in *McGore* was that of the pro se plaintiff, a Michigan prisoner. *See McGore*, 114 F.3d at 604.
⁴ Amendment of complaints was not at issue in *McGore*. The plaintiff argued only that he was deprived of access to the courts, that his due process rights were violated, and that the district court applied standards too stringent for a pro se complaint. *See McGore*, 114 F.3d at 604.

10

a district court may not dismiss with leave to amend. *See, e.g.*, *Moniz v. Hines*, 92 F. App'x 208, 212 (6th Cir. 2004) ("[Section] 1915 does not afford a district court discretion to permit a plaintiff to amend his complaint *after* its dismissal under § 1915(e)(2).").

Here, the District Court followed this Court's precedent in every respect. Before dismissal, the clerk's office instructed Mr. Burnside that he could not file an amended complaint. (RE 9-1: Rule 60 Mem. at 4.) When considering dismissal, the District Court did not give Mr. Burnside notice of its intent to dismiss nor provide him a chance to amend his complaint or respond. And the District Court dismissed without leave to amend. (RE 3: Order; RE 4: Judgment.) The panel affirmed on the basis of this Court's precedent. *See* Panel Order at 2-3.

### III. The U.S. Supreme Court Has Cautioned Against Reading Additional Restrictions Into the *In Forma Pauperis* Statute.

The U.S. Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007), further warrants a reexamination of *McGore* by the en banc Court. In rejecting other restrictions this Court had added to the *in forma pauperis* statute, the *Jones* Court held: "the [statute]'s screening requirement does not—explicitly or implicitly—justify deviating from the

11

usual procedural practice beyond the departures specified by the [statute] itself." *Jones*, 549 U.S. at 214.

Because every other circuit has concluded that section 1915(e)(2) contains no restrictions on amending complaints, the U.S. Supreme Court's caution against reading restrictions into the *in forma pauperis* statute begs the en banc Court's reexamination of the *McGore* decision. This Court should join its sister circuits and hold that section 1915(e)(2) does not restrict a pauper's right to amend.

## IV. Under the General Rules Applicable to All Litigants, Mr. Burnside Would Have Been Permitted to Amend His Complaint.

Federal Rule of Civil Procedure 15 gives every plaintiff the opportunity to amend his or her complaint "once as a matter of course" within 21 days of service of the complaint or service of a responsive pleading or motion. FED. R. CIV. P. 15(a)(1). A plaintiff may further amend the complaint with "the court's leave," which shall be "freely" given "when justice so requires." FED. R. CIV. P. 15(a)(2). "Rule 15 reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings and therefore assumes a liberal policy of permitting amendments." *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005) (internal quotation marks and citations omitted).

Rule 15 and its liberal policy of permitting amendments apply even when a plaintiff faces dismissal. In this circuit, when a district court considers dismissal sua sponte, it first must give the plaintiff a chance to amend the complaint:

> It has long been the rule in this circuit "that a district court faced with a complaint which it believes may be subject to dismissal must . . . notify all parties of its intent to dismiss the complaint [and] give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal."

*Benson*, 179 F.3d at 1015 (quoting *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983) (alterations in *Benson*).

Likewise, this and other circuits recognize that "[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."[5]  6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1483 (3d ed. 2010) (quoted in

---

[5] Other circuits are even more protective of the right to amend, requiring that a dismissal be with leave to amend unless it is clear that amendment would be futile. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("In a line of cases stretching back nearly 50 years, we have held that in dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

*Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011); *see also Matauszak*, 415 F. App'x at 614-15 (collecting cases).

Had the District Court applied to Mr. Burnside these same rules that apply to all litigants, Mr. Burnside would have amended his complaint to state claims on which relief could be granted. Mr. Burnside contacted the clerk's office and would have filed an amended complaint had he not been instructed that he could not. (RE 9-1: Rule 60 Mem. at 4.) Had the District Court given notice of its intent to dismiss and an opportunity to amend, Mr. Burnside would have amended. *Id.* Had the District Court dismissed with leave to amend, Mr. Burnside would have amended. *Id.*

Moreover, it is clear now that, if given the opportunity to amend, Mr. Burnside can state valid claims for relief. The proposed amended complaint attached to the motion for leave to amend he filed with his Rule 60 motion sufficiently stated claims for, among other things, warrantless arrest without probable cause in violation of the Fourth Amendment and 42 U.S.C. § 1983.[6] This and other claims would survive the District Court's pre-screening or a Rule 12(b)(6) motion to dismiss on remand.

---

[6] Mr. Burnside was arrested for making a 911 call in a non-emergency situation (RE 1 at 4: Aff. of Compl.), but he alleges (with supporting documentation) that the arresting officers knew or should have known that

14

## CONCLUSION

Because this Court's precedent directly conflicts with the authoritative decisions of every other U.S. Court of Appeals and runs counter to guidance issued by the U.S. Supreme Court, the en banc Court should take this opportunity to revisit the *McGore* decision. Mr. Burnside can amend his complaint to state valid claims for relief, and this case should be remanded to permit him to do so.

                                            Respectfully submitted,

                                            _/s/ Christian Grostic_
                                            Christian J. Grostic
                                            Kushner & Hamed Co., L.P.A.
                                            200 Public Square, Suite 3740
                                            Cleveland, OH 44114
                                            Telephone: 216.696.6700
                                            Facsimile:  216.696.6772
                                            E-mail:     cgrostic@khlpa.com

                                            *Counsel for Plaintiff-Appellant*
                                            *William David Burnside*

Dated: April 30, 2012

---

his mother made the 911 call at issue yet disregarded that evidence. (RE 9-13: Proposed Am. Compl. ¶¶ 57-78; RE 9-2: 911 Call Tr.). *See Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 305 (6th Cir. 2005) ("'A police officer has probable cause only when he discovers *reasonably reliable information* that the suspect has committed a crime'" and may not "'ignor[e] all exculpatory evidence.'" (quoting *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000)) (emphasis in *Radvanksy*)).

## CERTIFICATE OF SERVICE

I certify that on this April 30, 2012, I filed *Plaintiff-Appellant William David Burnside's Petition for Rehearing En Banc* electronically with the Clerk of the U.S. Court of Appeals for the Sixth Circuit. The Court's ECF system will automatically generate and send by e-mail a Notice of Docket Activity to all registered attorneys currently participating in this case.

Because the District Court dismissed this case before service on any defendants, no defendants will be served with this brief. Plaintiff-Appellant has no objection to the Court inviting defendants to respond to the instant brief or any other filings. *Cf. Hagan v. Rogers*, 570 F.3d 146, 151 (3d Cir. 2009) (inviting defendants to respond before deciding appeal of case dismissed by district court before defendants were served). Should the Court choose to invite defendants to respond, their business addresses are:

| | |
|---|---|
| Defendants Officers Walters, Hicks, and Montgomery: | Memphis Police Department<br>201 Poplar Ave.<br>Memphis, TN 38103 |
| Defendants Ms. Puljic and YMCA of Memphis & the Mid-South: | YMCA of Memphis & the Mid-South<br>6373 Quail Hollow, Suite 201<br>Memphis, TN 38120 |

　　　　　　　　　　　　　　　　　　 /s/ Christian Grostic
　　　　　　　　　　　　　　　　　*Counsel for Plaintiff-Appellant*
　　　　　　　　　　　　　　　　　*William David Burnside*